**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-31124
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALVIN HOLMES, also known as Pappa

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-353-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

The opinion issued in this case on 16 July 2009 is withdrawn, and this revised opinion is issued in its place. In the first full paragraph at page 3, the word "attempting" has been changed to "threatening". No other changes have been made, and our holding remains the same.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Having pled guilty to distributing 30 grams of heroin, Alvin Holmes challenges his being sentenced, in October 2008, to 96 months' imprisonment. That sentence is above the guideline-sentencing range of 24 to 30 months provided by the November 2007 Sentencing Guidelines. Had Holmes been sentenced when originally scheduled, in September 2007, the then-applicable 2006 Sentencing Guidelines (and their rules for counting prior sentences) would have provided for career-offender sentencing and a guideline-sentencing range of 151 to 188 months.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, for a guidelines issue preserved in district court, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

The district court's imposing the above-the-range sentence was based primarily on the seriousness of Holmes' violent criminal history and its being under-represented. This under-representation resulted from counting Holmes' purse-snatching, attempted-armed-robbery, and two armed-robbery convictions as a single sentence. *See* U.S.S.G. § 4A1.2(a)(2). The number and character of the past offenses speaks to "the history and characteristics of the defendant", and is a factor relevant under 18 U.S.C. § 3553. *See* 18 U.S.C. § 3553(a)(1) (providing factors to be considered in imposing a sentence); *see also* U.S.S.G. § 4A1.2 cmt. n.3 (addressing increased sentences for multiple prior sentences counted as a single sentence); *United States v. Mondragon-Santiago*, 564 F.3d 357, 363 (5th Cir. 2009). In the light of the district court's § 3553(a) criminal-history assessment, its imposing an above-guideline sentence based upon these

prior convictions was not an abuse of discretion. *United States v. Lopez-Salas*, 513 F.3d 174, 181 (5th Cir. 2008).

The district court also found that Holmes attempted to interfere with a witness' participation in another federal prosecution by threatening to stab that witness. Because the district court's finding was based on a credibility determination after a hearing, "we will not substitute our reading of the evidence for that of the district court". *United States v. Nixon*, 881 F.2d 1305, 1310 (5th Cir. 1989). The threat, whether or not carried out, was a manifestation of Holmes' character and, obviously, a relevant sentencing factor. *See* 18 U.S.C. § 3553(a)(1).

In addition, the district court found that Holmes used questionable practices to delay sentencing until the more-favorable 2007 Guidelines took effect. Among other things, Holmes had moved just before the scheduled September 2007 sentencing for it to be re-set after 1 November in order to obtain the benefit of the relevant amendment. As another example, on the day before the 2007 Guidelines took effect, Holmes' lawyer appeared with Holmes at the scheduled sentencing hearing and announced that Holmes had fired him a month prior to the hearing. After questioning Holmes and the lawyer, the district court concluded that the story "just didn't smell good". Again, our court will not disturb the district court's credibility determination. *See Nixon*, 881 F.2d at 1310. Moreover, the district court plainly stated that the manipulation of the process did not "weigh heavily in [its] decision".

The district court thoroughly considered the Sentencing Guidelines, analyzed and applied the § 3553(a) factors, and explained its reasoning, in accordance with *Gall*, 128 S. Ct. 586 at 597-98. The extent of the increase was not substantively unreasonable. *See id.*; *United States v. Smith*, 417 F.3d 483, 492 & n.40 (5th Cir. 2005).

In challenging the district court's reasons for the increase, Holmes essentially asks our court to substitute his assessment of the evidence and the

§ 3553(a) factors for that of the district court. Needless to say, this approach is contrary to the deferential, abuse-of-discretion review dictated by *Gall*. *See Gall*, 128 S. Ct. at 597-98.

AFFIRMED.